Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Ariz. Bar No. 036888
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Ashley Fox, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Oregano's Pizza Bistro, Inc.<br><br>Defendant. | NO. 2:21-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiff Ashley Fox ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Oregano's Pizza Bistro, Inc. ("Defendant"), states and alleges as follows:

**I.      PRELIMINARY STATEMENTS**

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated sufficient overtime wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Arizona.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arizona has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arizona.

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Phoenix Division of the District of Arizona. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8. Plaintiff is an individual and resident of Maricopa County.

9. Separate Defendant Oregano's Pizza Bistro, Inc. ("OPB"), is a domestic, for-profit corporation.

10. OPB's registered agent for service of process is Capitol Corporate Services, Inc., at 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

### IV.   FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

11. Defendant owns and operates multiple restaurants throughout Arizona and Colorado.

12. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

14. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

15. Defendant employed Plaintiff as a salaried Manager in Training ("MIT") from July of 2021 until August of 2021.

16. Defendant also employed other salaried MITs within the three years preceding the filing of this lawsuit.

17. All of Defendant's managers train for approximately three months at the start of their employment, and during this time they are considered Managers in Training, or MITs.

18. At all times material herein, Plaintiff and other MITs have been entitled to the rights, protections, and benefits provided under the FLSA.

19. At all times material herein, Plaintiff was classified by Defendant as exempt from the overtime requirements of the FLSA and was paid a salary.

20. Defendant also classified other MITs as exempt from the overtime requirements of the FLSA and paid them a salary.

21. At all relevant times herein, Defendant directly hired Plaintiff and other MITs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. As an MIT, Plaintiff's primary duties were assisting customers, placing food orders and coaching other employees on procedures and food safety.

23. Other MITs had the same or similar duties as Plaintiff.

24. Plaintiff did not have the authority to hire or fire any other employee.

25. Other MITs did not have the authority to hire or fire any other employee.

26. Plaintiff's recommendations as to hiring or firing did not carry particular

weight.

27. Upon information and belief, the recommendations of other MITs as to hiring or firing did not carry particular weight.

28. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

29. Other MITs did not exercise independent judgment as to matters of significance in carrying out their duties.

30. In carrying out their duties, Plaintiff and other MITs followed the policies and processes set by Defendant or others.

31. The duties of Plaintiff and other MITs were rote and routine, and they sought input from supervisors when their duties were not rote and routine.

32. Plaintiff regularly worked more than 40 hours per week.

33. Defendant scheduled Plaintiff to work approximately 50 hours each week.

34. Upon information and belief, other MITs also regularly worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiff.

35. Defendant had a timekeeping system by which Plaintiff was able to keep track of her time, but she was not required to use the timekeeping system and was only instructed to clock in when the POS system required her to do so to make a sale.

36. Defendant kept track of Plaintiff's hours by referring to the schedule it created for scheduling Plaintiff and the other employees' shifts.

37. Plaintiff regularly arrived early to her shift to complete the necessary

work.

38. Plaintiff completed all of her work on Defendant's premises.

39. Defendant knew or should have known that Plaintiff and other MITs were working hours over forty each week.

40. Defendant did not pay Plaintiff or other MITs 1.5x their regular rate for hours worked over 40 each week.

41. At all relevant times herein, Defendant has deprived Plaintiff and other MITs of regular wages and overtime compensation for all hours worked.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

43. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

45. Plaintiff proposes the following collective under the FLSA:

**All salaried Managers-in-Training within in the past three years.**

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid a salary;

    B.    They were classified as exempt from the overtime requirements of the FLSA;

    C.    They had substantially similar job duties and requirements; and

    D.    They were not paid for hours worked over forty each week.

49. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 persons.

50. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

58. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

60. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

63. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

66. Defendant classified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

67. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

68. Defendant deprived Plaintiff and similarly situated employees of

compensation for all of the hours worked over forty per week, in violation of the FLSA.

69. Defendant knew or should have known that its actions violated the FLSA.

70. Defendant's conduct and practices, as described above, were willful.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

72. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ashley Fox, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

DATED this 10th day of December, 2021.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com