Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Ariz. Bar No. 036888
(501) 221-0088
courtney@sanfordlawfirm.com

*Attorney for Plaintiff*

Robert M. Goldich, SBN 031818
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 445-8000
GoldichR@gtlaw.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Ashley Fox, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Oregano's Pizza Bistro, Inc.,<br><br>Defendant. | No. 2:21-cv-02099-DLR<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

The parties, Plaintiff Ashley Fox ("Plaintiff") and Defendant Oregano's Pizza Bistro, Inc. ("Defendant"), have entered into a Settlement and Release Agreement ("Agreement") in which they have agreed to settle Plaintiff's claim that she was misclassified as exempt from overtime under the Fair Labor

Standards Act ("FLSA") and owed unpaid overtime wages. A copy of the Agreement with all references to the settlement amount redacted is attached hereto as Exhibit A. The Parties will contemporaneously file a Joint Motion for leave to file settlement amount under seal pursuant to Local Rule of Civil Procedure 5.6(b).

**I.   Factual Background**

Plaintiff was employed by Defendant as a Manager in Training from July of 2021 to August of 2021. During this time, Defendant classified her as exempt from the overtime requirements of the FLSA and paid her a salary.

On December 10, 2021, Plaintiff filed a Complaint alleging violations by Defendant of the FLSA. In the Complaint, Plaintiff alleges Defendant misclassified her as exempt and that she was at all times entitled to the protections of the overtime provisions of the FLSA. Plaintiff further alleges that she worked over 40 hours a week each week during her employment with Defendant and was not properly paid for these hours by virtue of her salary.

Defendant denies it misclassified Plaintiff, that Plaintiff was entitled to the protections of overtime provision of the FLSA, that Plaintiff worked over 40 hours in any week during her employment with Defendant, or that it failed to pay any wages to Plaintiff.

**II.   Arguments and Authorities**

Unlike most private settlements negotiated between parties in a civil action for damages, in an FLSA case or class action, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair. *Juvera v. Salcido*, 2013 U.S. Dist. LEXIS 176716, *9 (D. Ariz. Dec. 16, 2013).

Although the Ninth Circuit has not squarely addressed the standard for approval of FLSA settlements, district courts throughout the Ninth Circuit have followed the standards laid out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *Lockwood v. R&M Towing LLC*, 2020 U.S. Dist. LEXIS 175913, *2 (D. Ariz. Sept. 24, 2020). Specifically, when parties seek judicial approval of an FLSA settlement, approval is warranted if the settlement reflects a "reasonable compromise over issues." *Lopez v. Ariz. Pub. Serv. Co.*, 2010 U.S. Dist. LEXIS 34086, *2 (D. Ariz. Jan. 27, 2010) (quoting *Lynn's*, 679 F.2d at 1354).

While the parties agree that Plaintiff was employed by Defendant, much else remains in dispute, including: (1) whether Plaintiff's job duties placed her within an exemption from the FLSA's overtime requirements; (2) the number of weekly hours Plaintiff worked, including the reasonableness of Plaintiff's estimates of hours worked; (3) whether Defendant was aware, either actually or constructively, that Plaintiff was working any alleged overtime hours; (4) the computation of wages owed; and (5) whether Plaintiff is entitled to liquidated

damages.

The fiercest dispute between the parties is as to the amount of overtime hours worked by Plaintiff. It is Plaintiff's position that, during the three weeks she worked for Defendant, she worked approximately 30 cumulative hours in excess of 40 a week. In contrast, Defendant denies Plaintiff worked more than 40 hours in any week during her employment with Defendant.

Counsel for Defendant provided counsel for Plaintiff with Plaintiff's work schedule during her tenure of employment. According to the schedule, out of a total of three weeks and 15 workdays, Plaintiff did not attend work due to personal reasons for eight days. Plaintiff denies the accuracy of the schedule.

In short, the parties dispute whether there is liability – and, if so, the amount of damages that Plaintiffs could recover – and have entered into a settlement agreement as a compromise to avoid the time, trouble, expense, and uncertainty of continued litigation. That being said, due to the schedule received as well as the apparent usage of paid time off recorded in Plaintiff's earnings statements, Plaintiff's counsel believes that the amount Plaintiff is receiving under the settlement is in excess of the amount she stood to receive at trial.

**III.   The Agreement Provides for Payment of Plaintiff's Reasonable Attorneys' Fees.**

To determine whether the negotiated amount of attorney fees is reasonable, courts examine whether "counsel is compensated adequately and that no

conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Fontes v. Drywood Plus, Inc.*, 2013 U.S. Dist. LEXIS 169720, *18-19 (D. Ariz. Dec. 2, 2013) (quoting *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. Jan. 13, 2009). "When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) (citations omitted); *see also Dahl v. Bay Power*, 2021 U.S. Dist. LEXIS 101792 (N.D. Cal. May 28, 2021) (finding that an award of fees and costs in excess of 600% of the Plaintiffs' award was reasonable due to separateness of fee negotiations and the fact that Plaintiffs received 100% of their calculated damages).

Consistent with their representation agreement with Plaintiff, Plaintiff's counsel negotiated attorneys' fees and costs entirely separately from and only after an amount was agreed as to Plaintiff's damages. The fee amount accordingly does not affect or dilute Plaintiff's settlement. The agreement as to fees is reasonable in light of the fees and costs billed by Plaintiff's counsel in the prosecution of the case. To date, they have billed 17 hours on the case, and have accrued costs of $492.00. Under these circumstances, the settlement should be approved in its entirety.

WHEREFORE, the parties respectfully request that the Court approve the Agreement as a reasonable compromise of a bona fide dispute, dismiss this lawsuit with prejudice, and retain jurisdiction over the matter to enforce the terms of the Agreement.

RESPECTFULLY SUBMITTED this 7th day of April 2022.

| GREENBERG TAURIG, LLP | SANFORD LAW FIRM, PLLC |
|---|---|
| By: */s/ Robert M. Goldich*<br>Robert M. Goldich<br>*Attorney for Defendant Oregano's Pizza Bistro, Inc.* | By: */s/ Courtney Lowery*<br>Courtney Lowery<br>*Attorney for Plaintiff Ashley Fox* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System:

Robert M. Goldich
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 800
Phoenix, Arizona 85016
GoldichR@gtlaw.com

By: */s/ Courtney Lowery*
Attorney for Plaintiff