# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made and entered into this __ day of March, 2022, by and between Plaintiff Ashley Fox ("Plaintiff"); and Oregano's Pizza Bistro, Inc. ("Oregano's" or the "Company") (collectively the "Parties").

## RECITALS

WHEREAS, on December 10, 2021, Plaintiff filed a Putative Collective Action Complaint in the United States District Court for the District of Arizona (the "Court"), captioned *Fox v. Oregano's Pizza Bistro, Inc.*, Case No. 2:21-CV-02099-DLR (the "Action"), asserting a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207;

WHEREAS, this Agreement is made as the result of a bona fide dispute between the Parties regarding the validity of the Action and the purported claims underlying the Action;

WHEREAS, the Parties desire to amicably resolve all claims that Plaintiff may have against the Company, whether or not asserted in the Action;

WHEREAS, the Parties and their Counsel believe that the interest of all concerned are best served by compromise and settlement and have determined that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests; and

WHEREAS, in entering into this Agreement, the Company does not concede any liability on any claims asserted in the Action or discussed in this Agreement;

NOW, THEREFORE, subject to the Court's approval, the Parties agree as follows.

## AGREEMENT

1. **SETTLEMENT PAYMENT**. Within fourteen (14) business days after the Court has issued an order granting approval of this Agreement, the Company shall cause to be delivered to Plaintiff a check made payable to Plaintiff in the gross amount of [Redacted] dollars ($[Redacted]), subject to all applicable payroll taxes, withholdings, and deductions, with a corresponding Form W-2 for that amount to be sent at year-end. Within the same time period, the Company shall cause to be delivered to Plaintiff's Counsel a check made payable to Plaintiff and Plaintiff's Counsel in the amount of [Redacted] dollars ($[Redacted]) along with a corresponding Form-1099 for that amount, which shall constitute payment for Plaintiff's reasonable attorneys' fees and costs related to or arising out of this Action. The foregoing payments will be delivered to Sanford Law Firm, PLLC, at 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211. The Company will reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel.

2. **DISMISSAL OF ACTION**. The Parties agree that within 10 days of executing this Agreement, the Parties will file a joint motion with the Court to approve this Agreement and a stipulation to dismiss the Action, with prejudice. The Parties will file a copy of this Agreement on

the Court docket with all references to the Settlement Payments redacted. The Parties will then file a joint motion for leave to file an unredacted copy of the Agreement under seal. Plaintiff agrees to cooperate fully in obtaining the Court's approval and agrees to support this Agreement as fair, reasonable, and adequate and entered into voluntarily to resolve a bona fide dispute between the Parties. The Company shall not require Plaintiff's counsel to separately petition for fees and costs. If the Court requires Plaintiff's counsel to separately petition for fees and costs, the Company shall not oppose Plaintiff's efforts to obtain approval of the agreed fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs.

3. **RELEASE**. Subject to the terms of this Agreement, and in exchange for the Settlement Payment set forth herein, Plaintiff on behalf of herself, her heirs, executor, administrator, assignees, and agents, hereby fully releases and discharges the Company and its parents, affiliates, subsidiaries, successors and assigns, and all of their respective officers, directors, shareholders, managers, partners, employees, and representatives (collectively the "Released Parties") from the claims in this Action and any and all liabilities, claims, and causes of action arising from Plaintiff's employment with the Company, whether or not known to the Parties at the time of execution of this Agreement and which may have arisen at any time prior to the date Plaintiff signs this Agreement. Plaintiff further covenants and agrees not to file any new or additional claims or institute any further legal proceeding, including filing any charge, claim, or complaint with any state or federal agency alleging any violation of law or public policy against the Company or any of the Released Parties, premised on any legal theory or claim whatsoever arising out of events occurring prior to the date of this Agreement. This Agreement includes without limitation, the release and discharge of any and all state or federal claims for unpaid wages, discrimination or retaliation on account of sex, age, race, religion, national origin, disability or handicap, any claims for wrongful discharge, constructive discharge, breach of contract, interference with contract, tort, personal injury, defamation, negligent infliction of emotional distress, false light, intentional infliction of emotional distress, fraud or deceit, or any claims for punitive damages in relation to any aspect of Plaintiff's employment relationship and/or ending of her employment except to enforce the terms of this Agreement.

4. **INDEMNIFICATION**. Any tax consequence associated with the Settlement Payment shall be the sole and exclusive responsibility and obligation of Plaintiff. Plaintiff hereby agrees to indemnify, defend, and hold the Company harmless of and from any tax liability in any way arising from or related to this Agreement or any payments made under this Agreement, which indemnity shall include any attorneys' fees and costs incurred in connection with defense of any asserted tax liability.

5. **NO ADMISSION**. It is understood and agreed by the Parties that this Agreement represents a compromise settlement of various matters and the promises and payments in consideration of this Agreement shall not be construed to be an admission of liability or obligation whatsoever by any Party.

6. **CONFIDENTIALITY**. Plaintiff agrees that the terms and conditions of this Agreement, including the Settlement Payment, are strictly confidential and, with the exception of Plaintiff's attorney, tax advisor, immediate family, or as required by applicable law, shall not be disclosed, discussed, or revealed to any other persons, entities, or organizations. If asked about the Action,

Plaintiff may respond that "The matter has been resolved," or words of similar effect. Plaintiff and her Counsel further agree to take all reasonable steps necessary to ensure that confidentiality is maintained by those individuals or entities to whom disclosure is deemed necessary or appropriate according to the terms of this Agreement.

7. **NEUTRAL REFERENCE**. The Company agrees that it will provide a neutral employment reference to all those requesting information regarding Plaintiff's employment with the Company and will only supply the dates of Plaintiff's employment, position, titles, and duties. If requested, the Company may also provide Plaintiff's last salary.

8. **NO RIGHT TO RE-EMPLOYMENT**. Plaintiff agrees to relinquish and hereby does relinquish any and all right to re-employment with the Company or with any of its affiliates or subsidiaries, divisions, corporate parents, partners, joint venturers, acquired entities, or successors in interest. Plaintiff further agrees that she will not seek, accept, or otherwise pursue employment with the Company or with any of its affiliates, subsidiaries, divisions, corporate parents, partners, joint venturers, acquired entities, or successors in interest. In the event Plaintiff is ever hired by the Company, upon discovery of her employment, the Company may terminate her employment immediately and Plaintiff will not have any recourse for such termination. The Company shall have the right to waive this paragraph in its sole discretion.

9. **SUCCESSORS AND ASSIGNS**. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

10. **APPLICABLE LAW**. This Agreement shall be governed and interpreted according to Arizona law.

11. **CONSTRUCTION**. For purposes of construction, this Agreement shall be deemed to have been jointly drafted by the respective Parties (and their Counsel) and any ambiguities shall not be construed against any Party. Section headings in this Release are included for convenience of reference only and shall not be considered part of this Release for any other purpose.

12. **SEVERABILITY**. If it is determined that any term or provision of this Agreement is invalid or unenforceable, in whole or in part, the remaining terms and provisions hereof shall be unimpaired.

13. **SELECTIVE ENFORCEMENT**. The Parties agree that the failure of any Party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

14. **ENTIRE AGREEMENT**. This Agreement constitutes the sole and entire Agreement between the Parties and supersedes any and all prior agreements, promises, representations, or inducements, no matter their form, concerning its subject matter. No promises or releases made after the execution of this Agreement by the Parties shall be effective or binding unless reduced to writing and signed by both Parties or their authorized representatives.

DocuSign Envelope ID: A034BF71-0199-475F-8BB5-32807980625F

15.  **CONSENT TO JURISDICTION OF THE COURT**. After entry of the judgment on Plaintiff's claims in this Action, the Parties agree the Court will have continuing and exclusive jurisdiction to enforce the terms of the Agreement and to address post-judgment matters as may be appropriate under Court rules or as set forth in this Agreement.

16.  **COUNTERPARTS**. The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for the Company shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

PLAINTIFF ACKNOWLEDGES AND AGREES THAT SHE HAS HAD A REASONABLE AMOUNT OF TIME TO REFLECT AND CONSIDER SIGNING THIS AGREEMENT, THAT SHE HAS CAREFULLY READ AND CONSIDERED THIS AGREEMENT, THAT SHE FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO HER TO SIGN THIS AGREEMENT ARE THOSE STATED AND CONTAINED IN THIS AGREEMENT, AND THAT SHE IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, AFTER HAVING HAD THE OPPORTUNITY TO CONSULT WITH INDEPENDENT LEGAL COUNSEL, WITH THE INTENT TO BE LEGALLY BOUND BY ITS TERMS.

[Signature Page to Follow]

**IN WITNESS THEREOF**, the Parties have duly executed this Agreement as of the day and year first written above.

                                **ASHLEY FOX**

                                *A Fox*
                                Ashley Fox
                                *Plaintiff*
                                Date:   March 17, 2022

                                **OREGANO'S PIZZA BISTRO, INC.**

                                DocuSigned by:
By:   *Lisa Mazzocchi*
                                8AD7F7484422437...
                                Lisa  Mazzocchi
                                *Corporate Controller*
                                Date:   March _____, 2022
                                04/03/2022 | 9:57 PM MST

ACTIVE 63228186v1

Doc ID: fd25f29be4b2d50686f313077118d1659f6832ed